```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
IVORY GREEN,
                                            MEMORANDUM AND ORDER
                Plaintiff,
                                            19-cv-4704 (KAM)
     v.

ANDREW SAUL, COMMISSIONER OF
THE SOCIAL SECURITY ADMINISTRATION,

                Defendant.
----------------------------------X
```
**KIYO A. MATSUMOTO, United States District Judge:**

Pursuant to 42 U.S.C.§ 405(g), Ivory Green ("Plaintiff") appeals the final decision of the Commissioner of Social Security ("Defendant"), which found that Plaintiff was not eligible for disability insurance benefits ("DIB") under Title II of the Social Security Act ("the Act") on the basis that Plaintiff is not disabled within the meaning of the Act. Plaintiff alleges that she is disabled under the Act and is thus entitled to receive the aforementioned benefits. (ECF No. 1, Complaint.) Plaintiff is alleging disability for the period from August 1, 2014 through August 1, 2016. (*Id.*; ECF No. 15, Plaintiff's Memorandum of Law in Support of Plaintiff's Motion for Judgment on the Pleadings ("Pl. Mem.") at 1.)

Presently before the court is Plaintiff's motion for judgment on the pleadings, (ECF No. 14, Notice of Motion; ECF No. 15, Memorandum of Law in Support of Plaintiff's Motion ("Pl. Mem.")), Defendant's cross-motion for judgment on the pleadings,

1

(ECF No. 16, Cross-Motion; ECF No. 17 Memorandum of Law in Support of Defendant's Cross-Motion ("Def. Mem.")), and Plaintiff's Reply (ECF No. 18, Plaintiff's Reply Memorandum of Law ("Pl. Reply")).) For the reasons stated below, Plaintiff's motion is GRANTED, Defendant's motion is DENIED, and the case is remanded for further proceedings consistent with this Memorandum and Order.

### BACKGROUND

The parties have submitted a joint stipulation of facts detailing Plaintiff's medical history and the administrative hearing testimony, which the court incorporates by reference. (*See generally* ECF No. 18-1, Joint Stipulation of Facts ("Stip.").) On December 21, 2015, the Plaintiff filed an application for DIB Benefits. (Pl. Mem. at 1.) On July 21, 2014, Plaintiff inhaled dye from an explosion during an at-work accident. (Stip. at ¶ 2.) Shortly thereafter, plaintiff sought respiratory treatment, and was diagnosed with asthma, allergic rhinitis, obesity, and a hernia. (*Id.* at ¶¶ 5, 23 60.)

On April 22, 2016, Plaintiff filed a written request for a hearing before an Administrative Law Judge ("ALJ"). (Pl. Mem. at 1.) On February 9, 2018, the ALJ, Paul Greenberg, presided over Plaintiff's video conference. (ECF No. 19, Transcript ("Tr.") at 30.) A vocational expert ("VE"), Susanna Roche, testified at the hearing. (*Id.* at 56-60.) At the

2

hearing, the ALJ presented Ms. Roche with numerous hypothetical questions. (*Id*.) The ALJ posed hypothetical questions to Ms. Roche as to whether Plaintiff could perform light exertional work. (*Id*.) Ms. Roche provided that there were significant limitations on Plaintiff's ability to work, as well as testifying to the limited types of jobs given plaintiff's limitations. (*Id.*) When the ALJ asked Ms. Roche whether those limited jobs were available, Ms. Roche answered that no jobs were available. (*Id*.) The ALJ also asked whether there were jobs where an individual would be off task for one hour per day, to which Ms. Roche responded in the negative. (*Id.*) Lastly, the ALJ inquired whether there were jobs where an individual would be absent from work two days per month and Ms. Roche answered in the negative. (*Id.*)

In a decision dated August 29, 2018, the ALJ found Plaintiff was not disabled. (*Id*. at 14.) On October 12, 2018, Plaintiff requested a review of the ALJ's decision. (*Id*. at 144-145.) On June 14, 2019, the Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final determination of the Commissioner of Social Security. (*Id. at 1-5)

On August 15, 2019, Plaintiff filed the instant action in federal court. (*See generally* ECF No. 1, Complaint ("Compl.").) On November 20, 2019, this court issued a

3

scheduling order.  (ECF No. 9, Scheduling Order.)  On May 5, 2020, Plaintiff filed her notice of motion and memorandum of law in support of Plaintiff's motion for judgment on the pleadings.  (ECF Nos. 14 and 15.)  On that same day, Defendant filed his cross-motion and memorandum of law in support of Defendant's cross-motion for judgment on the pleadings and in opposition of Plaintiff's motion for judgment on the pleadings.  (ECF Nos. 16 and 17.)  Later that same day, Plaintiff filed her reply memorandum of law.  (ECF No. 18.)

## LEGAL STANDARD

Unsuccessful claimants for disability benefits under the Act may bring an action in federal district court seeking judicial review of the Commissioner's denial of their benefits "within sixty days after the mailing . . . of notice of such decision or within such further time as the Commissioner of Social Security may allow."  42 U.S.C. §§ 405(g), 1383(c)(3).  A district court, reviewing the final determination of the Commissioner, must determine whether the correct legal standards were applied and whether substantial evidence supports the decision.  *See Schaal v. Apfel*, 134 F.3d 496, 504 (2d Cir. 1998).

A district court may set aside the Commissioner's decision only if the factual findings are not supported by substantial evidence or if the decision is based on legal error.

4

*Burgess v. Astrue,* 537 F.3d 117, 127 (2d Cir. 2008). "Substantial evidence is more than a mere scintilla," and must be relevant evidence that a "reasonable mind might accept as adequate to support a conclusion." *Halloran v. Barnhart*, 362 F.3d 28, 31 (2d Cir. 2004) (citing *Richardson v. Perales*, 420 U.S. 389, 401 (1971)) (internal quotation marks omitted). If there is substantial evidence in the record to support the Commissioner's factual findings, those findings must be upheld. 42 U.S.C. § 405(g). Inquiry into legal error "requires the court to ask whether 'the claimant has had a full hearing under the [Commissioner's] regulations and in accordance with the beneficent purposes of the [Social Security] Act.'" *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009). The reviewing court does not have the authority to conduct a *de novo* review, and may not substitute its own judgment for that of the ALJ, even when it might have justifiably reached a different result. *Cage v. Comm'r of Soc. Sec.*, 692 F.3d 118, 122 (2d Cir. 2012).

To receive disability benefits, claimants must be "disabled" within the meaning of the Act. *See* 42 U.S.C. §§ 423(a), (d). A claimant is disabled under the Act when she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than

5

12 months." 42 U.S.C. § 423(d)(1)(A); *Shaw v. Chater*, 221 F.3d 126, 131-32 (2d Cir. 2000). The impairment must be of "such severity" that the claimant is unable to do his previous work or engage in any other kind of substantial gainful work. 42 U.S.C. § 423(d)(2)(A). "The Commissioner must consider the following in determining a claimant's entitlement to benefits: '(1) the objective medical facts [and clinical findings]; (2) diagnoses or medical opinions based on such facts; (3) subjective evidence of pain or disability . . . ; and (4) the claimant's educational background, age, and work experience.'" *Balodis v. Leavitt*, 704 F. Supp. 2d 255, 262 (E.D.N.Y. 2001) (quoting *Brown v. Apfel*, 174 F.3d 59, 62 (2d Cir. 1999)).

Pursuant to regulations promulgated by the Commissioner, a five-step sequential evaluation process is used to determine whether the claimant's condition meets the Act's definition of disability. *See* 20 C.F.R. § 404.1520. This process is essentially as follows:

> [I]f the Commissioner determines (1) that the claimant is not working, (2) that he has a 'severe impairment,' (3) that the impairment is not one [listed in Appendix 1 of the regulations] that conclusively requires a determination of disability, and (4) that the claimant is not capable of continuing in his prior type of work, the Commissioner must find him disabled if (5) there is not another type of work the claimant can do.

*Burgess*, 537 F.3d at 120 (internal quotation marks and citation omitted); *see also* 20 C.F.R. § 404.152(a)(4).

6

During this five-step process, the Commissioner must consider whether "the combined effect of any such impairment . . . would be of sufficient severity to establish eligibility for Social Security benefits." 20 C.F.R. § 404.1523. Further, if the Commissioner does find a combination of impairments, the combined impact of the impairments, including those that are not severe (as defined by the regulations), will be considered in the determination process. 20 C.F.R. § 416.945(a)(2). At steps one through four of the sequential five-step framework, the claimant bears the "general burden of proving . . . disability." *Burgess*, 537 F.3d at 128. At step five, the burden shifts from the claimant to the Commissioner, requiring that the Commissioner show that, in light of the claimant's RFC, age, education, and work experience, the claimant is "able to engage in gainful employment within the national economy." *Sobolewski v. Apfel*, 985 F. Supp. 300, 310 (E.D.N.Y. 1997).

Lastly, federal regulations explicitly authorize a court, when reviewing decisions of the SSA, to order further proceedings when appropriate. "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). Remand is warranted where "there are gaps in the administrative record or

7

the ALJ has applied an improper legal standard." *Rosa v. Callahan*, 168 F.3d 72, 82-83 (2d Cir. 1999) (quoting *Pratts v. Chater*, 94 F.3d 34, 39 (2d Cir. 1996) (internal quotation marks omitted). Remand is particularly appropriate where further findings or explanation will clarify the rationale for the ALJ's decision. *Pratts*, 94 F.3d at 39. However, if the record before the court provides "persuasive proof of disability and a remand for further evidentiary proceedings would serve no purpose," the court may reverse and remand solely for the calculation and payment of benefits. *See, e.g.*, *Parker v. Harris,* 626 F.2d 225, 235 (2d Cir. 1980); *Kane v. Astrue*, 942 F. Supp. 2d 301, 314 (E.D.N.Y. 2013).

## DISCUSSION

### I. The ALJ's Disability Determination

Using the five-step sequential process to determine whether a claimant is disabled as mandated by 20 C.F.R. § 416.971, at step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity from August 1, 2014 to August 1, 2016. (Tr. at 19; Def. Mem. at 5.) At step two, the ALJ determined that Plaintiff's vision disturbance, joint pains, and gastrointestinal complications were not sufficiently severe impairments. (Tr. at 19-20.) The Plaintiff asserts that the ALJ found that the impairments "were not severe," the Defendant asserts that the ALJ found that the impairments "were severe,"

8

but in the end the ALJ found that the impairments "were not expected to last at a 'severe' level for a continuous period," to warrant benefits. (Pl. Mem. at 10; Def. Mem. at 5; Tr. at 21.) At step three, the ALJ found that the Plaintiff's impairments did not meet the requirements of any listed impairment to warrant a determination of disability. (Tr. at 21.) At step four, the ALJ assessed Plaintiff's residual function capacity ("RFC") and found that Plaintiff retained RFC to perform light work. (*Id.*) At step five, the ALJ determined that Plaintiff retained the ability to continue her prior work. (*Id.* at 21-23.) Specifically, the ALJ found that Plaintiff could work as a cashier supervisor, bank teller, and operations supervisor. (*Id.* at 22-25.) As a result, the ALJ concluded that Plaintiff was not disabled, from August 1, 2014 to August 1, 2016, within the meaning of 20 C.F.R. § 404.1520(f).

## II. Treating Physician Rule

Under the treating physician rule[1], a "treating source's opinion on the issue of the nature and severity of a [claimant's] impairment(s) will be given 'controlling weight' if the opinion is 'well-supported by medically acceptable clinical

---

[1] Because plaintiff's application for disability and disability insurance benefits was filed before March 27, 2017, the recent changes reflected in C.F.R. § 404.1520c do not apply, and under C.F.R. § 404.1527(a)(2)(c), the treating source's opinion is generally assigned added or possibly controlling weight.

9

and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the case record.'" *Greek v. Colvin*, 802 F.3d 370, 375 (2d Cir. 2015) (quoting *Burgess v. Astrue*, 537 F.3d 117, 128 (2d Cir. 2008)); 20 C.F.R. §§ 404.1527(c)(2). *See Molina v. Colvin*, No. 13-CV-4701, 2014 WL 3925303, at *2 (S.D.N.Y. Aug. 7, 2014) (finding the opinion of a treating physician "need not be given controlling weight where [it is] contradicted by other substantial evidence in the record.").

An ALJ who does not accord controlling weight to the treating physician's medical opinion must consider various factors to determine how much weight to give to the opinion, including: "(i) the frequency of examination and the length, nature and extent of the treatment relationship; (ii) the amount of medical evidence in support of the treating physician's opinion; (iii) the consistency of the opinion with the record as a whole; and (iv) whether the opinion is from a specialist." *Estrella v. Berryhill*, 925 F.3d 90, 95 (2d. Cir. 2019) (quoting *Burgess*, 537 F.3d at 128); *see* 20 C.F.R. § 404.1527(c)(2); *see also Adukpo v. Berryhill,* 19-cv-2709 (BMC) 2020 WL 3410333, at *1 (E.D.N.Y. Jun. 22, 2020).

"The ALJ must then 'comprehensively set forth his reasons for the weight assigned to a treating physician's opinion.'" *Cichocki v. Astrue*, 534 F. Appx. 71, 74 (2d Cir.

10

2013) (quoting *Burgess*, 537 F.3d at 129). The regulations also require that the ALJ set forth "good reasons" for not crediting the opinion of the treating provider. *Cervini v. Saul,* 17-CV-2128 (JMA) 2020 WL 2615929 at *5 (E.D.N.Y. May 21, 2020) (citing *Schaal*, 134 F.3d 496, 503 (2d Cir. 1998)). Good reasons "reflect in substance the factors as set forth in [Section] 404.1527(d)(2), even though the ALJ declines to examine the factors with explicit reference to the regulation." *Abate v. Comm'r,* 18-CV-2040 (JS), 2020 WL 2113322, at *4 (E.D.N.Y. May 4, 2020); *Atwater v. Astrue*, 512 F. App'x 67, 70 (2d Cir. 2013) ("We require no such slavish recitation of each and every factor where the ALJ's reasoning and adherence to the regulation are clear."). Further, "[t]he failure to provide 'good reasons for not crediting the opinion of a claimant's treating physician is a ground for remand.'" *Greek*, 802 F.3d 802 F.3d at 375 (quoting *Burgess*, 537 F.3d at 129-30).

Here, the ALJ gave only "little weight to the opinion" of treating physician, pulmonologist, Dr. Wilfredo Talavera. (Tr. at 24.). The ALJ reasoned that Dr. Talavera's opinion required only little weight because it was provided in a "checklist-type form" and failed to provide a narrative. (*Id.*) For this reason, the ALJ deemed the assessments of the other physicians "more persuasive." (*Id.*) It is true that a checklist-type form does not provide a great deal of medical

11

evidence and may warrant giving the opinion less weight. *See Halloran v. Barnhart*, 362 F.3d 28, 31 n. 2 (2d Cir. 2004)(finding the standardized form only "marginally useful" for assessing the record). However, along with the standardized form, Dr. Talavera also included some handwritten notes. (Tr. at 344-347.) The ALJ did not comment on the inclusion of these handwritten notes. (*Id*. 24.)

The ALJ acknowledged that Dr. Talavera has "expertise in the relevant medical specialty." (*Id.*) Plaintiff had been treated by Dr Talavera multiple times in the past and Dr. Talavera was familiar with plaintiff's ailments. (*Id.* at 23.) Despite plaintiff's long-standing relationship with Dr. Talavera as a treating physician, the ALJ provided "great weight" to the opinions of other physicians who had evaluated the Plaintiff less frequently and were significantly less familiar with her ailments. (*Id.*)

The ALJ failed to consider the *Burgess* factors, such as the length, frequency, nature or extent of Dr. Talavera's relationship with the plaintiff, or provide a persuasive rationale supporting the weight given. *See Burgess v. Astrue,* 537 F.3d 117, 128 (2d Cir. 2008); *Greek v. Colvin*, 802 F.3d 370, 375 (2d Cir. 2015); *Balodis v. Leavitt*, 704 F. Supp. 2d 255, 268 (E.D.N.Y. 2010) (citing *Risitano v. Comm'r of Soc. Sec.*, No. 06-CV-2206(FB), 2007 WL 2319793, at *5 (E.D.N.Y. Aug. 9, 2007)

12

(remanding the case and directing the ALJ to "identify the evidence [the ALJ] did decide to rely on and thoroughly explain ... the reasons for his decision" if the ALJ did not intend to rely on the opinions of plaintiff's treating physicians); *Torregrosa v. Barnhart*, No. CV-03-5275(FB), 2004 WL 1905371, at *6 (E.D.N.Y. Aug. 27, 2004) (remanding because "(1) there is a reasonable basis to doubt whether the ALJ applied the correct legal standard in weighing the opinions of [the treating physicians], and (2) the ALJ failed to give good reasons for the weight, or lack thereof, given to those opinions").)

Accordingly, remand is warranted because the ALJ did not any provide "good reasons" for giving the treating physician's opinions less weight.  Instead, the ALJ solely relied on the format in which the treating physician's opinion was rendered.  At the very least, ALJ should provide reasons why Dr. Talavera's opinion, in whichever format, should not be given controlling weight.  On remand, Plaintiff is entitled to express consideration of Dr. Talavera's opinions on the form and in his notes and other records, a statement of the weight given to those opinions, and good reasons for the ALJ's decision.

### III. Credibility Determinations

A claimant's statements of pain or other subjective symptoms cannot alone serve as conclusive evidence of disability.  *Felix v. Astrue*, No. 11-CV-3697, 2012 WL 3043203,

13

at *8 (E.D.N.Y. July 24, 2012) (citing *Genier v. Astrue,* 606 F.3d 46, 49 (2d. Cir. 2010) (citing 20 C.F.R. § 1529(a)); *see Meadors v. Astrue*, 370 F. App'x 179, 183 (2d Cir. 2010). If the plaintiff offers statements about pain or other symptoms not substantiated by the objective medical evidence, the ALJ is required to engage in a credibility inquiry. *Felix*, 2012 WL 3043203, at *8 (citing *Meadors v. Astue*, 370 F. App'x 179, 183 (2d Cir. 2010) (summary order)).

The Commissioner has established a two-step process that an ALJ must follow in evaluating a claimant's credibility with regard to her assertions about pain and other symptoms and their impact on claimant's ability to work. *Felix,* 2012 WL 3043203, at *8 (citing *Genier*, 606 F.3d at 49); *Cabassa*, 2012 WL 2202951, at *13; *Williams*, 2010 WL 5126208, at *13 (internal citation omitted). First, the ALJ must determine if the plaintiff has a medical impairment that could reasonably be expected to produce the alleged symptoms. 20 C.F.R. § 404.1529(b); *Felix*, 2012 WL 3043203, at *8 (internal citations omitted); *Williams*, 2010 WL 5126208 at *13 (citing *Genier*, 606 F.3d at 49 (2d Cir. 2010)). Second, if the claimant does suffer from an impairment that could reasonably be expected to produce the pain and symptoms alleged, the ALJ "must then evaluate the intensity and persistence of [the claimant's] symptoms so that [the ALJ] can determine if [the claimant's] symptoms limit [her]

14

capacity for work." 20 C.F.R. §§ 404.1529(c)(1), 416.929(c)(1); *see Cabassa*, 2012 WL 2202951, at *13; *William*, 2010 WL 5126208, at *13 (internal citation omitted). If the claimant's statements are not substantiated by the objective medical evidence, the ALJ must engage in a credibility inquiry. *Meadors*, 370 F. App'x at 183 (citing 20 C.F.R. § 404.1529(c)(3).

Plaintiff's credibility will be given considerable weight if her statement about pain is consistent with objective clinical evidence. *See* 20 C.F.R. § 404.1529(c)(4); *Kane v. Astrue*, 942 F. Supp. 2d 301, 313 (E.D.N.Y. 2013). When the plaintiff's symptoms are at a greater severity than indicated by the objective medicine alone, the ALJ should consider the following factors: (1) plaintiff's daily activities; (2) location, duration, frequency, and intensity of the symptoms; (3) precipitating and aggravating factors; (4) type, dosage, effectiveness, and side effects of any medication taken; (5) other treatments; (6) other measures taken to relieve symptoms; and (7) any other factors concerning the plaintiff's functional limitations due to pain or other symptoms. 20 C.F.R. § 404.1529(c)(3)(i)-(vii); *see Kane*, 942 F. Supp. 2d at 314; *Williams*, 2010 WL 5126208 at *14 (internal citation omitted).

The ALJ, however, is not required to discuss all seven factors as long as the decision "includes precise reasoning, is supported by evidence in the case record, and clearly indicates

the weight the ALJ gave to the claimant's statements and the reasons for that weight." *Felix*, 2012 WL 3043203 at *8 (citing *Snyder v. Barnhart*, 323 F. Supp. 2d at 546-47 & n.5 (S.D.N.Y. 2004)). The ALJ's rationale must be sufficiently specific for a reviewing court to determine that the ALJ's decision was based on substantial evidence. *Cabassa*, 2012 WL 2202951, at *13 (citing *Morrison v. Astrue*, No. 08-CV-2048, 2010 U.S. Dist. LEXIS 115190, at *12 (E.D.N.Y. 2010)); *Williams*, 2010 WL 5126208, at *20 (citing *Alcantara*, 667 F. Supp. 2d at 278); *Williams ex rel. Williams v. Bowen*, 859 F.2d 255, 260-61 (2d Cir. 1998)).

Here, the ALJ found that "the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." (Tr. at 22.) Plaintiff's statements included her inability to work because of respiratory issues, her inability to sleep because of the burning in her chest and throat, and details about her consistent breathlessness. (*Id.*) The ALJ's decision, however, does not assess, directly or indirectly, the medical evidence and the symptoms and complaints by applying any of the factors described above. Consequently, the decision does not properly assess plaintiff's symptoms and complaints. Specifically, the ALJ

16

failed to state which of plaintiff's symptoms and complaints, if any, she found to be credible, in light of the medical evidence, the weight given to plaintiff's statements, and the reasons for affording such weight. *Villani v. Barnhart*, No. 05-CV-5503 (DRH), 2008 WL 2001879, at *1 (E.D.N.Y. May 8, 2008)(remanding for determination of plaintiff's credibility, which must contain specific findings based upon substantial evidence in a manner that enables effective review). The ALJ's abbreviated credibility analysis did not clearly evaluate the Plaintiff's credibility according to the factors, nor did it set forth the ALJ's findings with sufficient specificity under *Williams ex re. Williams*. *See Williams ex. rel Williams v. Bowen*, 859 F.2d 255, 261 (2d Cir. 1988). On remand, the ALJ must thoroughly evaluate Plaintiff's credibility, and specifically apply the seven factors.

## **CONCLUSION**

Federal regulations explicitly authorize a court, when reviewing decisions of the SSA, to order further proceedings when appropriate. "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). Remand is warranted where "there are gaps in the administrative record or

17

the ALJ has applied an improper legal standard." *Rosa v. Callahan*, 168 F.3d 72, 82-83 (2d Cir. 1999) (quoting *Pratts*, 94 F.3d 34, 39) (internal quotation marks omitted). Remand is particularly appropriate where further findings or explanation will clarify the rationale for the ALJ's decision. *Pratts, 94 F.3d at 39*. However, if the record before the court provides "persuasive proof of disability and a remand for further evidentiary proceedings would serve no purpose," the court may reverse and remand solely for the calculation and payment of benefits. *See, e.g., Parker v. Harris*, 626 F.2d 225, 235 (2d Cir. 1980); *Kane v. Astrue*, 942 F. Supp. 2d 301, 314 (E.D.N.Y. 2013).

For the reasons previously set forth, the court grants Plaintiff's motion for judgment on the pleadings; denies Defendant's cross-motion for judgment on the pleadings; and remands this case for further proceedings consistent with this Memorandum and Order. The Clerk of Court is respectfully directed to enter judgment in favor of plaintiff and close this case.

**SO ORDERED.**

DATED:    April 8, 2021
          Brooklyn, New York

                                          _____//s//_____
                                          **HON. KIYO A. MATSUMOTO**
                                          United States District Judge